UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CALVIN WATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00856-JPH-DML |
| ) | |
| WEXFORD OF INDIANA, LLC, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ACTION
TO MARION COUNTY SUPERIOR COURT**

Calvin Watkins filed this case in Marion County Superior Court alleging state law claims for medical malpractice and federal claims under 28 U.S.C. § 1983 for constitutional violations. Several, but not all, of the Defendants removed the case to this Court by filing a notice of removal. Plaintiff has filed a motion to remand the case, arguing that not all defendants joined in or consented to the removal within the time limit mandated by the statutes governing removal. For the reasons explained below, the plaintiff's motion for remand, dkt. [7], is **GRANTED** and the action is **REMANDED** to Marion County Superior Court.

**I. Facts**

On February 14, 2020, plaintiff Calvin Watkins filed a complaint in Marion County Superior Court, Civil Division 4, entitled *Calvin Watkins v. Wexford of Indiana, LLC et al.*, Cause No.: 49D04-2002-CT-006909. Dkt. 1-1. The complaint brings federal constitutional claims pursuant to 42 U.S.C. § 1983 and Indiana medical malpractice claims. *Id.*

The defendants received service of process on different dates. Diane Elrod was served on February 19, 2020. Dkt. 1-1, p. 1. Kevin Dew, Alice Collette, Wexford of Indiana, LLC, and

1

Kenneth Robertson were served on February 20, 2020. *Id.* at 2. Rachel Houghton was served on March 5, 2020. *Id.*

On March 16, 2020, Wexford of Indiana, LLC, Diane Elrod, Kevin Dew, Rachel Houghton, and Alice Collette (collectively "the Wexford defendants"), filed a Notice of Removal. Dkt. 1. The Notice states, "Kenneth Robertson . . . [has] not appeared via counsel or otherwise responded to Plaintiff's complaint. As a result, Defendants are unable at this time to comply with 28 U.S.C. § 1446(b)(2)(A)." *Id.* at para. 8.

On April 8, 2020, the plaintiff filed a motion for remand, arguing that the Notice of Removal was deficient because it was not signed by Dr. Robertson. Dkt. 7. The plaintiff also argues that the Wexford defendants' explanation for not obtaining Dr. Roberson's consent is not an exception to the rule that all defendants must join in or consent to a notice of removal. *Id.* at para. 22.

On April 22, 2020, Wexford filed a response in opposition to the motion for remand. Dkt. 12. The Wexford defendants argue that the Notice of Removal was not deficient because it "clearly identified the reason that Dr. Robertson's consent could not be obtained prior to filing it." *Id.* at para. 5. They further argue that after the Notice of Removal was filed, Dr. Robertson's counsel consented to the removal in an email dated April 3, 2020. *Id.* at para. 6; dkt. 12-1 (email filed as an attachment). Finally, they state that Dr. Robertson's counsel "has also authorized Counsel for Wexford to acknowledge his client's consent to the removal to the Court in the instant filing." *Id.* at para. 7.

## II. Discussion

Defendants generally may remove a case from state to federal court if the plaintiff could have brought the case in federal court.  28 U.S.C. § 1441. The procedure for the removal of civil

actions is governed by 28 U.S.C. § 1446.  Federal courts "interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).  *See also Jarvis v. Davis*, No. 3:16-CV-525, 2016 WL 6275600, at *2 (N.D. Ind. Oct. 27, 2016) (noting that "the requirement of timely written consent is construed strictly" and rejecting evidence of consent filed after the 30-day deadline).

A removing defendant must file a notice of removal in federal court "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading[.]" 28 U.S.C. § 1446(b)(1). Where multiple defendants are served at different times, the deadline to file a notice of removal is 30 days after the date of service on the last-served defendant. 28 U.S.C § 1446(b)(2)(C).

"When a civil action is removed . . . all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The defendant seeking removal must secure consent to removal from all other properly joined and served defendants within the 30-day removal period. *Am.'s Mortg. Banc, Inc. v. XEZ, Inc.*, No. 06 C 4670, 2006 WL 3754986, at *2 (N.D. Ill. Dec. 18, 2006) ("[I]f all served defendants do not consent to removal within the thirty-day period, the district court shall remand the case." (citation omitted)).

To properly consent to removal or join a notice of removal, the remaining defendants must sign the notice of removal. *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997) ("But all served defendants still have to support the petition in writing, i.e., sign it."); *see also Denton v. Universal Am-Can, Ltd.*, No. 12 C 3150, 2012 WL 3779315, at *3 (N.D. Ill. Aug. 30, 2012) ("As these cases demonstrate, the Moving Defendants' Amended Notice of Removal is still deficient because [the remaining defendants] have not signed the amended removal petition.").

A defendant's "failure to include other defendants' consent may only be cured within the 30-day time period." *Denton*, 2012 WL 3779315, at *3 (emphasis in original); *see also Komacko v. Am. Erectors, Inc.*, No. 2:12-CV-495, 2013 WL 3233229, *2 (N.D. Ind. June 25, 2013) (noting that the non-removing defendant's "email and letter consenting to removal is insufficient to meet the Seventh Circuit's strict requirement of express, written consent, and the later filed notice of consent was untimely."); *Jarvis*, 2016 WL 6275600, at *2. Requests for leave to cure a deficiency beyond the 30-day time period are generally denied unless, "in some combination, the plaintiff waived the issue and/or the omitted defendants were nominal, fraudulently joined, dismissed prior to removal, and/or served with the complaint after removal." *Riddle v. Ryan*, 1:19-cv-1263-RLY-TAB, 2019 WL 6481255, (S.D. Ind. June 7, 2019); *see also Matthews v. Atlas Collections, Inc.*, 3:16-cv-33-RLY-MPB, 2016 WL 413446, (S.D. Ind. Aug. 4, 2016).

Here, the Wexford defendants' Notice of Removal is deficient because Dr. Robertson did not join in or consent to the removal as required by Section 1446(b)(2)(A). Wexford's argument that it could not obtain Dr. Robertson's consent before filing the Notice of Removal is unpersuasive, as it was filed 15 days before the deadline and there was still ample time to obtain Dr. Robertson's consent. The Wexford defendants have not explained why they rushed to file the Notice of Removal before they were able to satisfy the requirements set forth in the removal statute.

The deadline to cure the deficiency expired on April 4, 2020. The Wexford defendants did not attempt to cure this deficiency until April 22, 2020, when they attached an email exchange with Dr. Robertson's counsel to their response to the motion for remand. In the email, dated April 3, 2020, Dr. Robertson's counsel indicated that he would not object to the removal. The Wexford defendants argue that this email cured the deficiency the day it was sent, but a non-removing party's

4

express written consent must be filed with the Court.  *Gossmeyer*, 128 F.3d at 489.  This email also confirms that the Wexford defendants communicated with Dr. Robertson's counsel within the deadline to correct the deficiency but chose not to file an Amended Notice of Removal or a Notice of Consent.

The Notice of Removal does not satisfy the requirements under the removal statute, and the removing defendants' attempt to cure this deficiency was untimely. The plaintiff's motion for remand, dkt. [7], is **granted**.

### III. Summary and Further Proceedings

For the foregoing reasons, the plaintiff's motion for remand, dkt. [7], is **GRANTED**. This action is **REMANDED** to Marion County Superior Court for all further proceedings.

**SO ORDERED.**

Date: 8/3/2020

                                  James Patrick Hanlon
                                  United States District Judge
                                  Southern District of Indiana

Distribution:

Heather Terese Gilbert
CASSIDAY SCHADE LLP
hgilbert@cassiday.com

William Elliott Happel
THOMASSON, THOMASSON, LONG & GUTHRIE, P.C.
elliott@thomassonlaw.com

Blair Martin Roembke
EICHHORN & EICHHORN LLP (Indianapolis)
broembke@eichhorn-law.com

Michael Roth
EICHHORN & EICHHORN
mroth@eichhorn-law.com

Emily Kathleen VanTyle
CASSIDAY SCHADE LLP
evantyle@cassiday.com

Marilyn A. Young
CASSIDAY SCHADE LLP
myoung@cassiday.com